IN THE MATTER OF PATRICK GORMAN'S ESTATE, DANIEL WALSH, Administrator.

1. *Administration — Administrator, liability of, for failure to obey order of sale made by Probate Court.* — An administrator who postpones a sale ordered by the Probate Court, unless for sound reasons, will be held responsible for any loss which may happen to the estate by reason of such delay. *Query:* whether he would be protected in such exercise of discretion if sound reasons apparently existed.

*Appeal from St. Louis Circuit Court.*

*Rankin & Hayden,* for appellants.

*Bakewell & Farish,* for respondents.

BLISS, Judge, delivered the opinion of the court.

Decedent owned one-fourth interest in steamboat Henry Von Phul, and in March, 1864, the administrator applied to the Probate Court for an order to sell the same, representing the risk in the trade ( New Orleans ) in which it was engaged; the buoyancy at that time in steamboat stock; that it constituted the bulk of the estate, etc. The Probate Court made an order directing him to sell at auction upon giving ten days' public notice, and report at the next term of court. He had asked for leave to sell at private sale, which was so far refused. But instead of obeying the order

he delayed action, and in November, 1866, more than two and a half years after the order was made, the boat was burned, and the administrator seeks to account only for the insurance received and the decedent's proportion of the net earnings of the boat, which was some $5,000 less than the appraised value of his interest. The Probate Court refused to allow him credit for this difference, and the Circuit Court affirmed its action.

The administrator claims that he had a right to exercise his discretion in the matter of the sale, and that he exercised it soundly; but it appears that, when the order was made, boats were paying well, and from that year they constantly declined in business and value. It is probable, from the evidence, that if he had complied with the order of court, the interest of decedent would have brought more than its appraised value, which was $18,000, and no sufficient excuse is given for not having done so. It is unnecessary to say whether an administrator would be protected in postponing a sale ordered by a Probate Court for apparently sound reasons. It is enough to say that the present record discloses no such reasons, although bad faith is not charged. The judgment below should be affirmed. The other judges concur.